# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

DONALD MURPHY,

§
§
§   **Case No.:**
§
§   **JURY TRIAL DEMANDED**
§
§
§
§
§
§

      Plaintiff,

      v.

MIDLAND CREDIT
MANAGEMENT,

      Defendant.

_____

## COMPLAINT

DONALD MURPHY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Azle, Texas.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.     Defendant is a national debt collection company with its corporate headquarters located at 2365 Northside Drive, Suite 300, San Diego CA 92108.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all relevant times herein, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt.

12.     Upon information and belief, Defendant was seeking to collect a debt that was incurred for personal, family or household purposes.

13.     Beginning in or around February 2017 and continuing through May 2017, Defendant placed repeated collection calls to Plaintiff's cellular telephone.

14.     Defendant's calls originated from the numbers including, but not limited to: (320) 207-5852. The undersigned has confirmed that this number belongs to Defendant.

15.     Plaintiff repeatedly told Defendant to stop calling during this time.

16.     However, despite Plaintiff's requests, Defendant continued to call.

17.     Once Defendant knew its calls were unwanted any further calls could only have been placed for the purpose of harassing Plaintiff.

18.     These continued calls were particularly frustrating to Plaintiff as Defendant often called while Plaintiff was at work.

19.     During these calls, Defendant threatened to sue Plaintiff and garnish his wages if the debt was not paid.

20.     Upon information and belief, Defendant could not take such action against Plaintiff and had no intention of taking such action.

21.     Ultimately in order to stop Defendant's calls, Plaintiff was forced to download an application to his cellular telephone to block Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

22.     A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24.     Defendant violated these sections of the FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued to call knowing that its calls were unwanted.


WHEREFORE, Plaintiff, DONALD MURPHY, respectfully prays for a judgment as follows:

   a.     All actual damages suffered pursuant to 15 U.S.C.
          §1692k(a)(1);

PLAINTIFF'S COMPLAINT

b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DONALD MURPHY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: June 12, 2017                    By: /s/ Amy L. Bennecoff Ginsburg
                                       Amy L. Bennecoff Ginsburg
                                       Kimmel & Silverman, P.C.
                                       30 East Butler Pike
                                       Ambler, Pennsylvania 19002
                                       Phone: (215) 540-8888
                                       Facsimile: (877) 788-2864
                                       Email: aginsburg@creditlaw.com